UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 23-CV-14247-CANNON/MAYNARD
(CASE NO. 21-CR-14040-CANNON/MAYNARD)

**RENE SANCHEZ RAMOS,**

    Movant,

v.

**UNITED STATES OF AMERICA,**

    Respondent.

_____/

## REPORT RECOMMENDING GRANT OF CLAIM FOUR OF MOTION TO VACATE SENTENCE UNDER § 2255

**THIS CAUSE** is before me upon referred Claim Four of Movant Rene Sanchez Ramos' *pro se* Motion under 28 U.S.C. § 2255 to vacate his criminal conviction ("Motion"). On May 12, 2022, Movant pled guilty to possession with intent to distribute a controlled substance, in violation of 18 U.S.C. § 841(a)(1). On August 19, 2022, the Honorable Aileen M. Cannon sentenced Movant to a term of 120 months in prison, which was the minimum mandatory sentence permitted by law. Movant's Motion challenges his conviction and sentence based on the following instances of alleged ineffective assistance of his trial counsel: (1) counsel failed to properly consult with Movant about discovery (Claim One); (2) counsel failed to explain "the differences of pleading or opting to trial" (Claim Two); (3) counsel failed to inform Movant about the nature of the charges (Claim Three); (4) counsel failed to file a notice of appeal after Movant requested that she do so (Claim Four); (5) counsel gave erroneous advice (Claim Five); (6) counsel failed to inform Movant about how the United States Sentencing Guidelines apply to this case (Claim Six); (7) counsel failed to investigate and "learn of the inconsistencies" in the Government's case (Claim Seven);

and (8) counsel failed to file a motion to suppress (Claim Eight). DE 1.

On April 29, 2024, Judge Cannon issued a comprehensive Order denying Claims One through Three and Five through Eight on the merits, while also referring Claim Four to me to conduct an evidentiary hearing and issue a Report and Recommendation. DE 6. Following my receipt of pre-hearing briefing on Claim Four, DE 16, DE 17, DE 18, DE 19, I held an evidentiary hearing on September 3, 2024. Upon careful review of the briefing, the testimony and evidence introduced at the evidentiary hearing, the credibility of the witnesses, the argument of counsel, and all pertinent portions of the underlying criminal file and related civil file, I recommend that Claim Four of the Motion be **GRANTED** for the following reasons.

## BACKGROUND

On November 18, 2021, a federal grand jury returned a two-count Indictment charging Movant with possession with intent to distribute a controlled substance, in violation of 18 U.S.C. § 841(a)(1) (Count 1); and possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5)(A) (Count 2). CR DE 3 (Indictment).[1] The charges stem from a March 4, 2021 traffic stop in Avon Park, Florida, where Movant was arrested after officers recovered over 50 grams of methamphetamine and a pistol in the vehicle he was driving.[2] CR DE 3, CR DE 4 (Arrest Warrant). On January 18, 2024, Assistant Federal Public Defender, M. Caroline McCrae, was appointed to represent Movant. Ms. McCrae represented Movant throughout the criminal proceedings.

---

[1] Entries in the instant civil proceeding will be referred to as [DE] followed by the docket entry number. Entries in Movant's underlying criminal proceeding will be referred to as [CR DE] followed by the docket entry number.

[2] After being pulled over, Movant admitted to Officers that he had a plastic baggie containing 3.4 grams of methamphetamine in his pocket. CR DE 27. A subsequent canine search of the vehicle uncovered a loaded chrome Raven Arms .25 caliber pistol, which had been reported stolen, along with 78.2 grams of 100% pure methamphetamine. CR DE 27.

After extensive plea negotiations and several iterations of a plea agreement, Movant entered into a plea agreement in which he agreed to plead guilty to Count One in exchange for the Government's agreement to dismiss Count Two after sentencing. CR DE 26 (Plea Agreement), Tr. 55. The Plea Agreement included a statement that Movant "understands and acknowledges that the Court must impose a minimum term of imprisonment of 10 years and may impose a maximum term of imprisonment of up to Life." CR DE 26. Movant agreed to waive all appellate rights conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, unless the sentence exceeded the statutory maximum or resulted in an upward departure or variance from the advisory guideline range. CR DE 26. The Plea Agreement also stipulated that Movant was not eligible for relief from the statutory minimum by virtue of the safety valve provision, 18 U.S.C. § 3553(f). CR DE 26.

The same day, Movant, who only speaks Spanish, appeared for a change of plea hearing before Judge Cannon with the aid of a Spanish interpreter.[3] There, Movant affirmed that he had "discussed possible defense strategies with [his] attorney." CR DE 41 (Change of Plea Transcript). He also indicated that he was "fully satisfied" with counsel's "advice and representation." CR DE 41. Judge Cannon explained to Movant that Count One carried a mandatory minimum term of imprisonment of ten years, a maximum penalty of life imprisonment, and Movant confirmed his understanding. CR DE 41. Movant agreed that he understood the charges, the evidence, and the Sentencing Guidelines. CR DE 41. Judge Cannon reviewed the rights that Movant was foregoing by pleading guilty, including his right to proceed to trial by jury, to call and confront witnesses, and for the Government to prove his guilt beyond a reasonable doubt. CR DE 41. Judge Cannon asked Movant whether he had "a full and complete opportunity to talk" to his attorney before

---

[3] Movant required the aid of a Spanish interpreter throughout his criminal proceedings and Ms. McCrae employed one while consulting with Movant. CR DE 41, CR DE 42, Tr. 31.

3

signing the Plea Agreement, and Movant replied, "Yes." CR DE 41 at 14-15. Movant affirmed that he voluntarily agreed to waive his appellate rights and that he had a chance to discuss this waiver with his attorney. CR DE 41. Judge Cannon found that Movant knowingly and voluntarily waived his right to appeal. *Id*. Judge Cannon accepted Movant's guilty plea, finding that Movant entered it voluntarily, knowingly and "with the advice and assistance of effective and competent counsel." *Id*. at 25. Ultimately, Judge Cannon accepted Movant's plea of guilty to Count One of the Indictment and set a sentencing hearing for final disposition of this case. CR DE 41 at 25.

Sentencing was held before Judge Cannon on August 19, 2022. CR DE 37. Movant confirmed to Judge Cannon that he had discussed his plea agreement with counsel. CR DE 42 (Sentencing Transcript). Judge Cannon asked Movant if he needed additional time to speak with his attorney, and he replied that he did not. *Id.* Judge Cannon then expressly advised Movant that he has "the right to appeal the sentence imposed" and that "[a]ny notice of appeal must be filed within 14 days after the entry of the judgment." *Id*. at 11. The Government and defense counsel jointly recommended 120 months' imprisonment. *Id.* The Court sentenced Movant to 120 months' imprisonment on Count One, the statutory mandatory minimum, followed by five years' supervised release, and imposed a $100 special assessment. CR DE 38 (Judgment). Count Two was then dismissed on the Government's motion. *Id.* Movant did not file a direct appeal.

On August 8, 2023, Movant filed the instant *pro se* § 2255 Motion. DE 1. On April 26, 2024, Judge Cannon resolved Claims One, Two, Three, Five, Six, Seven, and Eight on the merits. She also set Claim Four for an evidentiary hearing, appointed counsel to represent Movant, and referred Claim Four to me to hold the evidentiary hearing and issue a Report and Recommendation. DE 6.

In Claim Four, Movant asserts that his trial counsel provided ineffective assistance by

4

failing to file a direct appeal. DE 1. Specifically, Movant alleges that immediately after Judge Cannon imposed his sentence, he stated to Ms. McCrae in Spanish that he wanted to appeal. DE 16 (Movant's Pre-Hearing Memorandum). Further, Movant asserts that prior to the expiration of the 14-day appeal period, he asked an unnamed, bilingual inmate to call Ms. McCrae's office four times on his behalf. DE 18 (Movant's Pre-Hearing Report). Movant asked the inmate to relay in English that he wanted to appeal. *Id*. The inmate left messages with Ms. McCrae's assistant, stating Movant wanted to file an appeal. *Id*., Tr. 8-9. In response, the Government argues that Movant's claim should be denied because Movant failed to provide any evidence that he timely requested his counsel to appeal. DE 5.

In her Order, Judge Cannon found Movant entitled to an evidentiary hearing on Claim Four "because the record [did] not conclusively show that the prisoner is entitled to relief." DE 6 at 11 (citing 28 U.S.C. § 2255(b)). Judge Cannon found that Movant adequately alleged deficient performance by "alleging that Movant instructed counsel to file a notice of appeal, and that counsel failed to do so." *Id*. at 12. Further, Judge Cannon noted that at the evidentiary hearing, Movant "has 'the burden of sustaining his contentions by a preponderance of the evidence.'" *Id.* (citing *Tarver v. U.S.*, 344 F. App'x 581, 582 (11th Cir. 2009) (quoting *Wright v. U.S.*, 624 F.2d 557, 558 (5th Cir. 1980)).

On September 3, 2024, I held an evidentiary hearing to address Movant's claim that his counsel failed to file an appeal despite his instruction to do so. At the hearing, Movant testified and did not introduce any exhibits. The Government called Movant's trial counsel, Ms. McCrae, and introduced the Movant's Plea Agreement (Govt. Ex. A), the the change of plea hearing transcript (Govt. Ex. B), and the sentencing hearing transcript (Govt. Ex. C). All exhibits were admitted. The matter is ripe for review.

## **STANDARD OF REVIEW**

### A.        *§2255 Generally*

Because collateral review is not a substitute for appeal, the grounds for collateral attack on a final judgment under 28 U.S.C. § 2255 are extremely limited. Under § 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. A district court is authorized to grant § 2255 relief on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C § 2255(a). If a court finds a claim under § 2255 valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner, grant a new trial, or correct the sentence." 28 U.S.C. § 2255(b).

Relief under § 2255 is reserved for transgressions of constitutional rights, and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *See Lynn v. U.S.*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted); *see also U.S. v. Frady*, 456 U.S. 152, 165 (1982). A § 2255 movant "bears the burden to prove the claims in his § 2255 motion." *Rivers v. U.S.*, 777 F.3d 1306, 1316 (11th Cir. 2015); *see also Beeman v. U.S.*, 871 F.3d 1215, 1221–23 (11th Cir. 2017). If "'the evidence does not clearly explain what happened … the party with the burden loses.'" *Beeman*, 871 F.3d at 1225 (quoting *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001)). A § 2255 movant will not be entitled to relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'" *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted).

### B.     *Ineffective Assistance of Counsel*

A claim of ineffective assistance of counsel is evaluated against the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail, a movant must prove that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id.* at 687.  A movant has the burden to prove both *Strickland* prongs and a court "'need not address both prongs if the petition has made an insufficient showing on one of them.'" *Bishop v. Warden, GDCP*, 726 F.3d 1243, 1254 (11th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697).

Performance is deficient when "it f[alls] below an objective standard of reasonableness and [i]s outside the wide range of professionally competent assistance."  *See Johnson v. Sec'y, DOC*, 643 F.3d 907, 928 (11th Cir. 2011).  Under the prejudice prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  "The test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc).  The only question is "whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." *Id.*  Counsel is presumed to have acted reasonably. *Strickland*, 466 U.S. at 690.  A reviewing court "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990).

A movant shows prejudice if "a reasonable probability [exists] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  A movant must show more than "the error had some conceivable effect on the

outcome of the proceeding." *Id.* at 693.

## DISCUSSION

In Claim Four, Movant alleges his trial counsel provided ineffective assistance by failing to file a direct appeal, despite Movant expressly stating to her that he wanted to appeal. DE 1, Tr. 7.

It is well-settled law that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *see also Gomez-Diaz v. U.S.*, 433 F.3d 788, 791-92 (11th Cir. 2005) ("An attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se."). It is also well-settled that prejudice is presumed when this occurs. *Id*.

At the evidentiary hearing on Claim Four, Movant, a Spanish speaker not fluent in English, testified that after he received his sentence and after the headphones for translation were removed, he told Ms. McCrae in Spanish that he wanted to appeal his sentence before he was whisked out of the courtroom by the Marshals. Tr. 7, 20. According to Movant, Ms. McCrae responded with the word "Perdon" which in English can mean either "I'm sorry," or "I don't understand." *Id*. at 21. Movant testified that he was taken out of the courtroom by the Marshals too quickly to get an interpreter to relay his message. *Id*. at 20. Movant testified he was initially taken to the St. Lucie County Jail for the weekend, before being briefly transferred to West Palm Beach for a day, and ultimately transported to the Miami Federal Detention Center on August 23, 2024. *Id.* 7-8. On August 24, 2024, Movant met an unnamed man who preached in the prison church in both English and Spanish. *Id.* at 21. Since this man was fluent in both languages, Movant requested his assistance in calling Ms. McCrae to ask for an appeal within the 14-day period. *Id.* That same

day, the man called Ms. McCrae's office and left a message with her secretary on Movant's behalf. *Id.* Movant testified that the man called four times for him within the 14-day period, on different days, at different times. *Id.* at 9.

Ms. McCrae did not contradict Movant's account. She testified that she does not remember the sentencing hearing and never spoke to Movant again after the sentencing hearing. *Id.* at 44, 47-48. Further, she does not recall whether Movant left messages at her office following sentencing, and never received any notification of Movant's attempts to contact her. *Id.* at 44, 48.

Given that Movant's counsel does not remember the sentencing hearing and thus cannot contradict Movant's claim that he told her he wanted to appeal, I must credit the Movant's testimony as true.[4] Movant's statement in Spanish that he wanted to appeal was sufficient to express his desire to have his lawyer file an appeal.

The Government argues that Ms. McCrae did not actually receive the instruction from Movant and therefore, she was not obligated to file an appeal. The Government relies on *Ruger v. U.S.* for the proposition that a trial attorney cannot be deemed *per se* ineffective under *Flores Ortega* unless he received explicit instructions from the defendant to file an appeal. *Ruger v. U.S.*, 2024 WL 2926584 at *3 (S.D. Ga. May 22, 2024), *report & recommendation adopted*, 2024 WL 2924682 (S.D. Ga. June 10, 2024). In *Ruger*, the movant claimed that his trial counsel failed to

---

[4] Credibility determinations are typically the province of the factfinder because the factfinder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses. *U.S. v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (citing *Viehman v. Schweiker*, 679 F.2d 223, 227-28 (11th Cir.1982)). I find that Movant's uncontradicted testimony is credible. It contained significant detail about his sentencing hearing and the events that followed, leading to the calls he says were made to Ms. McCrae's office. His testimony remained consistent throughout the evidentiary hearing, and he responded confidently and directly to questions. For example, at the evidentiary hearing, he was asked by the Government why he did not call Ms. McCrae's office himself, he responded "[b]ecause I don't know how to speak English. I wanted her to understand in her own language, for her to know what is it that I wanted to do." Tr. 21. This is reasonable and consistent given Movant's sense that Ms. McCrae did not understand his initial instruction in Spanish at his sentencing hearing.

file an appeal despite his explicit instruction to do so, which was contained in letters that his trial counsel testified he never received. *Id.* at 2. Importantly, *Ruger* is distinct because in that case, trial counsel's testimony that he never received the letters was found credible and thus, he was never actually directed to file an appeal. Further, the *Ruger* court relied on several out of Circuit but factually similar cases to emphasize that the "the controlling fact" is "whether [his counsel] was actually directed ... to file a notice of appeal." *Id.* at 3 (citing *Armstrong v. U.S.*, 2019 WL 464967, at *7 (E.D. Tenn. Feb. 6, 2019)); *see also U.S. v. Walls*, 2008 WL 927926, at *9 (E.D. Ky. Apr. 4, 2008). Here, Movant credibly testified that he told Ms. McCrae that he wanted to file an appeal after sentencing and she has not contradicted that testimony.

The question becomes whether Ms. McCrae actually understood Movant's statement that he wanted to appeal. In a case with almost identical facts, *Pineda-Garcia v. U.S.*, the district court found a similar scenario sufficient to establish a movant's instruction to his counsel to appeal. *Pineda-Garcia v. U.S.*, 2017 WL 9478490 (N.D. Ga. Mar. 24, 2017), *report & recommendation adopted*, 2017 WL 2213155 (N.D. Ga. May 19, 2017). In *Pineda-Garcia*, the movant testified that after sentencing, he instructed his trial counsel to file an appeal using the Spanish word "apele." *Id.* at 1. His trial counsel did not hear him say it and thus could not contradict his client's claim that he asked that an appeal be filed. *Id.* The court credited the movant's testimony as true and found his use of the Spanish word "apele," rather than the English word "appeal," sufficient to instruct his trial counsel to file an appeal. *Id.* I find *Pineda-Garcia* more applicable than *Ruger* on the facts at issue here.

Consequently, Ms. McCrae's performance was objectively unreasonable and prejudicial.[5] *Roe v. Flores-Ortega,* 528 U.S. 470 (2000) (citing *Rodriquez v. U.S.,* 395 U.S. 327 (1969)). This

---

[5] At a minimum, Movant's statement to Ms. McCrae that he wanted to appeal triggered a duty for her to consult with him about an appeal after his sentencing hearing. Importantly, the case law is clear that consulting a client about

10

conclusion remains valid even "where the defendant signed, as part of his plea agreement, a limited waiver of his right to appeal his sentence." *Gomez-Diaz v. U.S.*, 433 F.3d 788, 790 (11th Cir. 2005). Movant's signing of a limited appeal waiver in his plea agreement does not change the fact that his counsel should have filed a notice of appeal (or at least consulted with him about doing so) when he told her he wanted to appeal, even though any appeal may ultimately be dismissed based on the appeal waiver.

Accordingly, Movant has satisfied both prongs of the *Strickland* test and met his burden to establish that Ms. McCrae's performance was constitutionally deficient,[6] and he is entitled to an out-of-time appeal. Movant's Motion should be granted with respect to Claim Four.

## **RECOMMENDATION**

Based on the foregoing, I respectfully **RECOMMEND** that Claim Four of Movant's Motion to Vacate his sentence [DE 1] be **GRANTED** and his sentence be vacated and reimposed under the procedure outlined in *U.S. v. Phillips*, so that he may take an out-of-time appeal. *U.S. v.*

---

appealing is not constitutionally required in every case. *Flores-Ortega*, 528 U.S. at 479 ("We cannot say, as a constitutional matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient."); *Otero v. U.S.*, 499 F.3d 1267, 1270 (11th Cir. 2007), 499 F.3d at 1270 ("A criminal defense lawyer is not under a per se constitutional obligation to consult with his or her client about an appeal. In some cases, the Sixth Amendment requires such consultation; in others, it does not."). Generally, counsel must "consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant in the defendant's position would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) *that this particular defendant reasonably demonstrated to counsel that he was interested in appealing*." *Flores-Ortega*, 528 U.S. at 480 (emphasis added); see also *Thompson v. U.S.*, 504 F.3d 1203, 1206 (11th Cir. 2007). Adequate consultation means "advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478; *Thompson*, 504 F.3d at 1206. Here, Movant testified that he told Ms. McCrae in Spanish that "[he] wanted to appeal [his] sentence….," which at a minimum indicates an interest in appealing. Ms. McCrae never subsequently discussed with Movant the advantages or disadvantages of an appeal and in fact, never spoke with Movant again following the sentencing hearing (presumably because she did not understand his statement that he wanted to appeal). Movant has therefore established that his attorney should have consulted with him after he expressed interest in appealing and thus her performance was constitutionally deficient.

[6] The above conclusion should not be taken as criticism of Movant's counsel, who is an experienced criminal defense attorney with an excellent track record before this Court. Counsel testified that she would have met with Movant during the 14-day period if she knew he wanted to appeal. Tr. 44. She also testified that she would have gone to visit him to consult about an appeal if she had received a message from Movant to appeal, even through a third-party. *Id.* at 48. She simply did not understand Movant due to the language barrier.

*Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000).

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 11th day of October, 2024.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE