UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 23-14247-CIV-CANNON/Maynard
(21-14040-CR-CANNON)

**RENE SANCHEZ RAMOS**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON 28 U.S.C. § 2255 MOTION TO VACATE AND APPOINTING APPELLATE COUNSEL FOR DIRECT APPEAL

**THIS CAUSE** comes before the Court upon Magistrate Judge Maynard's Report Recommending an Order Granting Claim Four of the Motion to Vacate Sentence under § 2255 (the "Report") [ECF No. 22]. Movant filed his *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "Motion") on August 14, 2024, alleging eight claims of ineffective assistance of trial counsel [ECF No. 1]. On April 29, 2024, the Court issued a comprehensive Order referring Claim 4 of the Motion to Magistrate Judge Maynard for an evidentiary hearing and denying all other claims [ECF No. 6]. On October 11, 2024, following an evidentiary hearing, Magistrate Judge Maynard issued the instant Report, recommending that Claim 4 be granted [ECF No. 22]. Respondent filed Objections to the Report [ECF No. 26], to which Movant responded [ECF No. 27].

Following de novo review of Magistrate Judge Maynard's Report [ECF No. 22] and Respondent's Objections [ECF No. 26], the Court ultimately **ACCEPTS** the Report's conclusion

that the Motion should be **GRANTED** as to Claim 4 and that Movant should be granted an out-of-time appeal. Although the Court agrees with Respondent that defense counsel did not disregard any instruction to appeal, the Court is ultimately persuaded to accept the Report and to permit an out of time appeal because the record contains enough factual and credibility-oriented uncertainty about counsel's duty to further consult with Defendant about an appeal. This is a close question. As Respondent notes, Defendant waived his right to appeal following a lengthy colloquy during which he affirmed under oath that he understood the significance of the appellate waiver and discussed it fully with his attorney [CR ECF No. 41 pp. 16–17]. Contrary to that sworn testimony, and contrary also to the plea agreement to which he knowingly agreed [CR ECF No. 26 ¶ 9], Movant testified during the evidentiary hearing on the Motion that his counsel did not explain the appellate waiver to him [ECF No. 25 pp. 12–13]. He then expressly acknowledged at that hearing that he did not think his counsel understood what he said to her in Spanish at the end of the sentencing hearing when he indicated a desire to appeal [ECF No. 25 p. 7]. Following sentencing, Movant apparently asked an unidentified inmate to call his counsel after sentencing, yet he produced nothing to corroborate that attempted communication, and defense counsel credibly testified that she did not receive any notification from Movant or anyone else indicating that Movant tried to contact her after sentencing [ECF No. 25 pp. 8–9, 44]. On this record, although the Court sees nothing to indicate that defense counsel disregarded an instruction to appeal, and although Defendant's showing of prejudice is bare, there is at least a colorable argument that defense counsel had a duty to further consult with him about an appeal after sentencing. And more broadly, the Report rests on credibility determinations that should not be disturbed on this record. Nothing in this Order shall be construed to affect the Court's prior determinations in this case.

CASE NO. 23-14247-CIV-CANNON/Maynard

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 22] is **ACCEPTED**.

2. Claim 4 of Movant's Motion [ECF No. 1] is **GRANTED**.

3. Solely by reason of this Order (and not because of any showing of factual or legal error), the Court vacates its prior Order [ECF No. 6] denying Movant's remaining claims and hereby dismisses those remaining claims without prejudice to the filing of a § 2255 motion once Movant's conviction becomes final after resolution of his direct appeal. *See McIver v. United States*, 307 F.3d 1327, 1332 n.2 (11th Cir. 2002).

4. Pursuant to the Eleventh Circuit's procedures in *United States v. Phillips*, 225 F.3d 1198, 1200–01 (11th Cir. 2000), the Court, by separate Order in the underlying criminal case, **CASE NO. 21-14040-CR-CANNON**, will vacate the criminal judgment and reimpose the same sentence, thereby permitting Movant to file a direct appeal.

5. The Court **APPOINTS** Jacob Alain Cohen, Esq., Movant's appointed CJA counsel for purposes of this proceeding, to represent Movant throughout the direct appeal process for the underlying criminal case.

6. The Clerk is directed to note the appointment of Mr. Cohen on the docket in the underlying criminal case.

7. **Movant is advised that he will have 14 days from the date of re-imposition of his sentence to file a notice of appeal, pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i).**

8. All pending motions not otherwise ruled upon are **DENIED AS MOOT**.

9. The Clerk is directed to **CLOSE** civil case number 23-14247.

CASE NO. 23-14247-CIV-CANNON/Maynard

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 9th of December 2024.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record